UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RONALD RUCKER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CV-88-CEA-JEM |
| TAMMY LYNCH, GREG LYNCH, and PATTY WELLS, | ) | |
| Defendants. | ) | |

**O R D E R**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] and his Complaint for Violation of Civil Rights [Doc. 2]. On April 3, 2025, the Court entered an Order explaining that it may lack jurisdiction over the matter [Doc. 9]. Instead of recommending dismissal, the Court granted Plaintiff leave to amend his Complaint by May 2, 2025 [*Id*. at 4–5].

On May 5, 2025, Plaintiff filed the Motion to Hold 42 U.S.C. § 1983 Complaint in Abeyance [Doc. 10]. He states that he "is a layman unskilled in the law and has to rely on prison legal aides to prepare and file on his behalf [*Id*. at 1]. While he has attempted to acquire counsel, his attempts have been unsuccessful [*Id*.]. Given his concerns about the statute of limitations, Plaintiff filed his case in this Court because his "legal aide" is not "familiar with the processes for a state civil suit" [*Id*.]. Plaintiff acknowledges that "Defendants are not government actors in a strict sense[,]" but he claims "they have conspired with each other and several attorneys to commit [f]raud against the government" [*Id*. at 2]. Plaintiff further claims that Defendants conspired "to

commit [e]lder [a]buse in violation of state and federal law" [*Id*.]. At this time, Plaintiff asserts "[he] is unable to obtain the evidence necessary to prove his case without the assistance of counsel" [*Id*.]. For instance, Plaintiff states that he cannot obtain the will, the deed of land to the trailer, papers that he was coerced into signing, and a copy of the death certificate [*Id*.]. He also claims he cannot conduct depositions [*Id*.].

Plaintiff states that he will be released from incarceration in November 2025 or early 2026, and he requests that the Court hold his Complaint in abeyance until then [*Id*.]. He also seeks the appointment of counsel [*Id*.].

The Court declines to hold Plaintiff's Complaint in abeyance. The Court has raised questions regarding its jurisdiction, which "should be decided as soon as practicable." *Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000) (citation omitted). This request is therefore **DENIED**. But the Court will grant Plaintiff an extension to comply with its Order [Doc. 9]. To the extent Plaintiff wishes to file an amended Complaint, he **SHALL** do so on or before **May 27, 2025**.

With respect to his request for the appointment of counsel, pursuant to 28 U.S.C. § 1915, the Court "may request an attorney to represent any person unable to afford counsel." 29 U.S.C. § 1915(e)(1). The appointment of counsel in civil cases is not a constitutional right, but the Court may use its discretion to appoint counsel in civil cases if "exceptional circumstances" exist. *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011) (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). In determining whether exceptional circumstances exist, courts examine the plaintiff's ability to represent himself and the type of case he filed, which "generally involves a determination of the complexity of the factual and legal issues involved." *Id*. (quoting

*Lavado*, 992 F.2d at 606). The party requesting counsel has the burden to show that exceptional circumstances exist. *Id.*

It appears that Plaintiff meets the financial requirements for the appointment of counsel [*see* Docs. 1 and 8], but he has not shown that exceptional circumstances exist. He states that he has attempted to "acquire counsel to help him obtain evidence and prepare his case, to no avail" [Doc. 10 p. 1]. His case, however, is at the screening stage. And his incarceration does not constitute an extraordinary circumstance. *See Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244, at *1 (W.D. Mich. Feb. 22, 2006) ("In reviewing [the p]laintiff's request, there is nothing exceptional concerning [his] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts. These are ordinary and routine impediments incident to prisoner litigation." (citation omitted)). To the extent his Complaint survives screening, he may renew his request for the appointment of counsel.

The Court therefore **DENIES** Plaintiff's request to hold his Complaint in abeyance and **DENIES WITHOUT PREJUDICE** his request for the appointment of counsel [**Doc. 10**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge